## S. B. COIL *v.* WILLIAM TAYLOR.

**Order of Delivery—Specific Personal Property—Damages for Detention—Time of Assessment.**
  A fair and equitable construction for directions to assess damages for detention of personal property, requires that the assessment should embrace the entire detention, preceeding the trial.

**Same—Instruction.**
  An instruction predicated upon this rule "that the jury should find for the Plaintiff damages for the detention of the horse, for the time so detained, both before and after institution of the suit," held not erroneous.

### APPEAL FROM BALLARD CIRCUIT COURT.

January 7, 1871.

OPINION OF THE COURT BY JUDGE HARDIN:

In this action, brought by the appellee, for the recovery of a horse in the appellant's posession, of the alleged value of $150, and damages for the detention thereof, the court instructed the jury in effect, that if they should find from the evidence that the horse, which remained in the defendant's possession during the pendency of the suit, was the property of the plaintiff, they should find, also, for the plaintiff damages for the detention of the horse for the time it was so detained, both before and after the institution of the suit; and the jury having found for the plaintiff the horse valued at $135, and also $50 in damages for its detention, and the court having rendered a judgment in conformity with the verdict, the principal question to be determined, on this appeal from the judgment is, did the court correctly instruct the jury with reference to the detention of the horse after the institution of the suit?

Section 360 of the Civil Code of Practice provides that: "In action for the recovery of specific personal property, the jury must assess the value of the property, as also the damages for the taking or detention, whenever by their verdict there will be a judgment for the recovery or return of the property."

And the 418th section of the Code provides that in such a case "judgment for the plaintiff may be for the delivery of the property, or for the value thereof, in case a delivery can not be had, as damages for the detention."

It was a settled principle before the adoption of the Code, in this State, that in an action for the recovery of specific property, or its value, the estimation of the value of the property should be, as at the time of the trial, and not that at which the detention commenced. (Freeman v. Luckett, 2 J. J. Marshall, 393; Penny v. Davis, 3 B. Monroe, 313.) This common law rule is entirely consistent with the foregoing provisions of the Code, and may be adopted as expressing its correct construction as to the time intended for assessing the value of the property, to be alternately adjudged by the court to the successful party; and as during litigation, the property may, and often does become reduced or depreciated in value, in the hands of the unsucecssful claimant, a fair and equitable construction of the direction to assess damages for the detention of the property, requires that the assessment should embrace the entire detention of the property preceding the trial. There was no error, therefore, in giving to the jury the instruction referred to.

Nor does it appear to us that the court committed any error to the appellant's prejudice either in instructing the jury or overruling the motion for a new trial.

Wherefore, the judgment is *affirmed*.

*White & Reeves, for appellant.*

*Rodman, for appellee.*